UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. JACKSON,

          Plaintiff,

    v.

PAT GLEBE,

          Defendants.

Case No. C08-5769 BHS/KLS

ORDER TO SHOW CAUSE

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on the filing of Plaintiff Michael A. Jackson's motion to proceed *in forma pauperis*. Dkt. # 1. Plaintiff is currently detained at the McNeil Island Corrections Center in Steilacoom, Washington. To file a complaint and initial legal proceedings, a plaintiff must file a filing fee of $350.00 or file a proper application to proceed *in forma pauperis.*

A court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, a court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex.

ORDER
Page - 1

1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff failed to provide the Court with information regarding his inmate trust account in his initial application to proceed *in forma pauperis*. Dkt. # 1. By letter dated January 8, 2009, the Court Clerk advised Plaintiff that he was required to provide a certified copy of his prison trust account statement showing transactions for the past six months and that he should do so by February 9, 2009 or this action could be dismissed. Dkt. # 2. Plaintiff has not responded and has not provided the trust account statement. Therefore, the Court is unable to complete its determination of Plaintiff's *in forma pauperis* application.

Accordingly, it is **ORDERED**:

(1) Plaintiff shall forward a copy of his prison trust account statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his petition) to the Clerk **on or before April 3, 2009**. Alternatively, Plaintiff shall pay the full $350.00 filing fee required to proceed with this action **on or before April 3, 2009**.

(2) **Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

(3) The Clerk is directed to send a copy of this Order to Plaintiff.

DATED this 12th day of March, 2009.

Karen L. Strombom
United States Magistrate Judge