UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL A. JACKSON,<br><br>               Plaintiff,<br><br>    v.<br><br>PAT GLEBE, *et al.*,<br><br>               Defendants. | Case No. C08-5769 BHS/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**May 29, 2009** |

This case was referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, but failed to pay a filing fee or file an application to proceed *in forma pauperis*. Dkt. # 1. To file a complaint and initiate legal proceedings, a plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*. Accordingly, Plaintiff was ordered to file an application to proceed *in forma pauperis* or pay the filing fee. Dkt. # 3. Plaintiff has not responded to the Court's Order.

## I. DISCUSSION

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

REPORT AND RECOMMENDATION
Page - 1

On December 29, 2008, Plaintiff filed his proposed petition for civil rights violation. Dkt. # 1. On January 8, 2009, the Clerk advised Plaintiff that he must submit either the full $350.00 filing fee or an application for *in forma pauperis* status by February 9, 2009 or his action may be subject to dismissal. Dkt.# 2. On March 13, 2009, the Court ordered the Plaintiff to pay the $350.00 filing fee or submit a proper application to proceed *in forma pauperis* no later than April 3, 2009. Dkt. # 3. The Court advised Plaintiff that his failure to either pay the filing fee or submit a proper application to proceed *in forma pauperis* by the April 3, 2009 deadline would be deemed a failure to properly prosecute this matter and that the undersigned would recommend dismissal of this matter. *Id*. Plaintiff did not respond to the Court's Order, pay the filing fee or submit an application to proceed *in forma pauperis*.

## II. CONCLUSION

The undersigned recommends the Court dismiss Plaintiff's Complaint unless he pays the required $350.00 fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **May 29, 2009**, as noted in the caption.

Dated this  6th  day of May, 2009.

Karen L. Strombom
United States Magistrate Judge